# SEARS vs. HATHAWAY.

*Fourth District Court for San Francisco Co., October, 1857.*

## MALICIOUS ARREST—PROBABLE CAUSE.

Where a person institutes criminal proceedings, *in order to compel* the performance of a collateral thing, as to force the party, against whom they are brought, to pay a debt, in an action by the latter for malicious prosecution, it is not necessary to show either want of probable cause, or malice, on the part of the prosecutor.

In an action of this nature the discharge by the committing magistrate is *prima facie* evidence of want of probable cause, and throws upon the defendant the onus of proving that he had probable cause.

This action is brought to recover damages for an alleged malicious prosecution and false imprisonment, for which is claimed the sum of $20,000. The complaint contains two counts, charging two distinct acts of trespass, for which ten thousand dollars is claimed in each case. The action springs from the failure of Crowell & Co. Upon the 4th of April, 1857, Crowell and plaintiff were arrested upon affidavit of

defendant, Hathaway, charging both, as copartners, with the offense of " cheating," by " obtaining goods, wares, and merchandise, knowingly and willfully, by false pretenses ;" and on the 7th of April, after an examination of Crowell before the police judge, the parties were discharged. On the next day, the 8th, the defendant, Hathaway, caused plaintiff and Crowell to be again arrested, and charged " that on the 4th day of April the crime of concealing property, to detraud and delay creditors, was committed by J. M. Crowell and C. A. Sears," and an extended examination was had before the police judge, into their affairs, who, after deliberating on the testimony in the case for two days, did, on the fifteenth day of April, hold Crowell to answer before the court of sessions, for the offense charged, and a second time ordered that Sears be dismissed.

It is alleged that defendant, Hathaway, in causing both the above arrests, did the same maliciously, and without any reasonable or probable cause, and with the intent to injure plaintiff in his good name, fame, and credit. It is alleged that the other defendants herein joined with Hathaway, in willfully and maliciously prosecuting the aforesaid action, and confirmed all that the said Hathaway had done in the premises, against plaintiff, by agreeing to defray their, and each of their proportion of any and all expenses incurred thereby. And it is further alleged that by reason of said arrest and imprisonment, plaintiff suffered greatly in body and mind, and was obliged to lay out large sums for counsel fees, and has suffered great loss and hindrance in his business, to the amount of $10,000.

J. M. Crowell had been doing business as a flour and grain dealer, on Clay street, under the firm name of J. M. Crowell & Co., and afterwards removed to Front street. About Dec. 13th last, plaintiff came to the store of Crowell & Co., and talked of going in as a partner. An inventory of stock was taken, and business talked about. A few days after this, plaintiff and Crowell both informed the bookkeeper that Sears would not become a partner. There was some evidence, however, that Sears subsequently represented himself as being engaged in business with Crowell. The firm name was never changed, the books were kept unchanged. Sears did the buying and selling, drew checks in the name of Crowell & Co., signed " J. M. Crowell & Co., by C. A. Sears," and all bills, receipts, and purchases in the same

manner. On April 3d, 1857, J. M. Crowell & Co. were attached and failed.

It also appears that considerable flour and grain had been purchased by Sears, for J. M. Crowell & Co., from these defendants, on the 1st, 2d, and 3d of April, immediately preceding their failure, and sold by them (some on the same day of the purchase) at prices much below their value. On the 3d, in the afternoon, Crowell bought and paid cash for a homestead, $4,000. There was some evidence adduced to show that the other defendants in this action agreed and united with Hathaway, to pay their proportion of the expense of counsel fees, and other disbursements, in the several criminal prosecutions against Crowell and Sears.

The following instructions were given at the request of the plaintiff.

1st. A discharge of Sears by the examining magistrate is in itself presumptive evidence of want of probable cause for the prosecution.

2d. If there was a want of probable cause the law infers malice.

The following were asked and given for the defendants.

1st. Unless the jury find there was such an agreement between Hathaway and the other defendants to this action, as amounted to a conspiracy, for the malicious criminal prosecution of the plaintiff, they must find for such defendants.

2d. Unless the jury is satisfied that the affidavits for the arrest of plaintiff, by Hathaway, were malicious, and made without probable cause, they must find for the defendants.

3d. If the jury find that the arrest of Sears, by Hathaway, was without probable cause, but not instituted maliciously ; or if instituted maliciously, yet with probable cause, they must find for defendants.

4th. That the discharge, by a committing magistrate, is not conclusive evidence of either malice or want of probable cause.

Plaintiff's counsel entered a discontinuance as to defendants Conro and Berry.

After plaintiff rested, defendant, Hathaway, moved the court for a nonsuit, on the ground that plaintiff had not shown either malice or want of probable cause, in the arrest of plaintiff, and the after proceedings taken thereon.

Motion denied by the court, on the ground that a discharge by the committing magistrate is *prima facie* evidence of both, and throws the

*onus* upon defendants, of showing want of malice and probable cause.

Defendants, Little, Moorehouse, Hunt, Hirschfield, and Gordon, moved the court for a nonsuit, on the ground that the plaintiff's evidence was insufficient to sustain the allegations of his complaint as to them.

Motion denied by the court, on the ground that the sufficiency of evidence is always a question for the jury to determine.

In the course of defense defendants offered G. B. Tingley, Esq., an attorney and counsellor, of this State, to prove that defendant, Hathaway, acting in good faith, made a full, fair, and impartial statement of the facts constituting his charge against plaintiff, in the police court, to said attorney, and was by him advised to adopt the course pursued therein; whereupon plaintiff objected, on the ground that advice of counsel may only be offered in evidence when *specially* pleaded in defendant's answer. Objection sustained by the court.

*E. Cook* and *E. D. Sawyer*, for plaintiff.

*Pixley & Smith*, for defendants.

HAGER, J.—To sustain an action of this kind, it is necessary that plaintiff should prove, 1st. That he has been prosecuted by the defendants, and that the prosecution is at an end.   2d. That the prosecution was instituted maliciously, and without probable cause.   3d. That the plaintiff has sustained damage.

It appears by the evidence that plaintiff was twice arrested, on a criminal charge, upon an affidavit made by one of the defendants, taken before a magistrate, and after an examination into the matter by him, was discharged. This is presumptive evidence of want of probable cause, sufficient to throw upon the defendants, who were instrumental in procuring the arrest, the *onus* of proving the contrary.

Probable cause for such a criminal prosecution, is such conduct on the part of the accused, as may induce the inference that the prosecution was undertaken from public motives, or such a reasonable ground of suspicion, supported by circumstances sufficient to warrant a cautious man in believing, that the party is guilty of the offense charged against him.

The question, probable cause, is composed of law and fact. It is

your province to determine whether the circumstances alleged are true or not, and for the court to determine whether or not they amount to probable cause.

The questions for the consideration of the jury will be to determine if defendants had good reason, as cautious men, to believe that a partnership existed between plaintiff and Crowell. If defendants did so believe, and had sufficient reason to suppose either party guilty, it might make out a defense. The case turns on the question of partnership. On the first occasion Sears was arrested on an affidavit, charging him alone with being a cheat. The question of partnership, would, therefore, have no connection with that count of the complaint—it was a question of probable cause, and the intentions of defendants in procuring plaintiff's arrest. There are two descriptions of malice, malice in fact and malice in law. The former, in common acceptation, means ill will against a person ; the latter means a wrongful act done intentionally. This is a question for you to pass upon.

If the prosecution in the police court was undertaken for the purpose of compelling illegally the plaintiff to do a collateral thing, such as to give up his property, it is not necessary for the plaintiff, in such a case, to prove that the prosecution was instituted without probable cause. The criminal and civil laws are distinct branches of jurisprudence, and a party cannot be permitted to employ the former, which is calculated for the punishment of offenders, in order to attain the ends for which the latter is instituted. Criminal prosecutions are, or should be, for the benefit of society at large, and any attempt to deflect them from that object, either to gratify private malice, or to subserve private ends, should not be encouraged.

Damages should be awarded on the principle that plaintiff is entitled to indemnity for the peril occasioned to him in regard to his liberty, the injury to his reputation, his feelings, and his person, and for the expenses to which he has necessarily been subjected ; and although no evidence has been given of particular damages, yet you are not therefore obliged to find nominal damages merely, but may make them proportionate to the injury.

The jury found for plaintiff $4,000 damages.